IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MARLON BRAMWELL,

                    Petitioner,


        v.                                    CIVIL ACTION NO. 5:14-cv-7
                                              (Judge Stamp)


R. A. PERDUE ,

                    Respondent.


## REPORT AND RECOMMENDATION

### I. Background

On January 21, 2014, the *pro se* petitioner, Marlon Bramwell, ("the petitioner") filed an

Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, maintaining that he is actually

innocent of being a career offender under the Sentencing Guidelines. On April 29, 2014,

Magistrate Judge Seibert made a preliminary review off the case and determined that summary

dismissal was not appropriate. Therefore, an Order to Show Cause was entered, and on May 20,

2014, the respondent filed a Motion to Dismiss. A Roseboro Notice was issued on May 21,

2014, and on June 9, 2014, the petitioner filed his objections to the Motion to Dismiss. This

matter is now before the undersigned for a Report and Recommendation pursuant to LR PL 2.

### II. Facts[1]

On December 6, 1989, the petitioner pleaded guilty to charges of conspiracy to distribute

cocaine and possession of more than 28 but less than 200 grams of cocaine. His conviction and

---

[1] Because the petitioner's criminal case is so old, only documents filed after July 22, 2011, are available on PACER.
However, the undersigned has searched PACER for other matters filed by the petitioner and has reviewed the
respondent's exhibits to provide the Court with a historical framework for this matter.

sentence were affirmed by the Second Circuit of Appeals on December 5, 1990. Louisiana v. Marlon P. Bramwell, 572 So.2d 1208 (La. App. 2 Cir. 1990) (unpublished).  The petitioner did not seek further direct review in the Louisiana Supreme Court.

On October 31, 1991, a grand jury in the United States District Court for the Eastern District of Virginia, returned an indictment against four defendants, including the petitioner.  The indictment charged the petitioner with conspiracy to distribute crack. Before trial, the petitioner elected a bench trial. On February 4, 1992, Judge Albert Bryan found the petitioner guilty.  On April 3, 1992, he was sentenced to life imprisonment based upon the enhancement occasioned by the 1989 Louisiana conviction. See 3:12-cv-00078-RGJ-KLH, Western District of  Louisiana. His conviction and sentence were affirmed by the Fourth Circuit Court of Appeals on January 13, 1993. United States v. McKenzie, 983 F.2d 1058 (4th Cir. 1993)(Table), cert. denied, 508 U.S. 594 (1993).

 On April 16, 1997, the Petitioner filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, which was denied by the district court on July 21, 1997.  In August of 1997, the petitioner filed an application for certificate of appealability, regarding the denial of the 2255 motion, which the district court denied on September 15, 1997. On September 29, 1998, a Clerk's Order entered in the Fourth Circuit case 97-6967, consolidated the petitioner's cases 98-6266, 98-6227, and 97-6967. (Doc. 13-1). On October 21, 1998, the Fourth Circuit issued its decision as to all three cases via an unpublished *per curiam* opinion, affirming both the district court's denial of the petitioner's 2255 motion, and its subsequent refusal to grant a certificate of appealabiility. (Doc. 13-2).

In 2000, Petitioner again filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, which was denied by the district court. On May 7, 2004, the petitioner filed a

writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Virginia, and included the argument presented in the § 2241 addressed herein, *i.e.*, that he was actually innocent of the career offender sentencing enhancement. The Western District of Virginia construed the motion as a § 2255 claim and denied it because the petitioner had not produced evidence that the Court of Appeals for the Fourth Circuit had issued a certificate of appealability.[2] (Doc. 13-4). The petitioner then filed a notice of appeal of that district court's denial of his petition, and on November 9, 2004, the Fourth Circuit denied the petitioner a certificate of appealability. The Court of Appeals further construed the petitioner's notice of appeal as an application to file a successive 2255 motion which it also denied. (Doc. 13-5).

On March 19, 2013, the petitioner filed "Petition Pursuant to Fed. R. Civ. P. 60(d)(1) and Fed. R. Civ. P. 15(c)(1)(B), to reopen 28 U.S.C. § 2255." On April 10, 2013, the government filed a Motion to Dismiss. On April 12, 2013, the Eastern District of Virginia denied the petitioner's motion. However, on April 23, 2013, the court vacated its order, apparently because the petitioner was not issued a <u>Roseboro</u> Notice following entry of the government's Motion to Dismiss. On May 13, 2013, the petitioner filed his opposition to the government's Motion to Dismiss. It does not appear that the Eastern District of Virginia has made a final ruling on the petitioner's 60(d)(1) motion. On June 10, 2013, the petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, arguing that the court violated the Ex Post facto Clause when it used the 1987 Guidelines in determining his sentence. <u>See</u> 1:91-cr-00429-AVB-2, Eastern District of Virginia.

III. Issue Presented

---

[2] The undersigned assumes that the court meant that the petitioner had not been granted leave to file a second or successive motion to vacate.

In his pending §2241 motion, Petitioner seeks an order remanding his case back to the district court for re-sentencing without the armed career criminal enhancement. In support of his request, Petitioner claims that the probation officer in charge of his case inappropriately separated two counts in a single robbery conviction to make it appear that he had two previous violent crime convictions, and that this action violated his due process rights. (Dkt. No. 1-1 at 5). To further support his request and claims, Petitioner relies on the decisions in <u>Miller v. United States</u>, 735 F.3d 141 (4th Cir. 2013) and <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011).

<u>IV. Analysis</u>

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. §2255. A §2241 motion is used to attack the manner in which a sentence is executed. Thus, a §2241 motion that challenges a federal conviction and sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 motion attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective, <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in <u>Jones</u>, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changes such that the conduct of which the prison was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Therefore, the remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in <u>Jones</u> it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

Here, the petitioner does not challenge his underlying conviction for conspiracy to possess with intent to distribute cocaine base, in violation of Title 18 U.S.C. § 846 and 21 U.S.C §§ 841(a)(1), 841(b)(1)(b). Instead, he alleges that he is actually innocent of being a career offender under the Sentencing Guidelines. However, such a challenge is not cognizable in a § 2241 action.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences," or a portion of it. <u>Petty v. O'Brien</u>, No. 1:11cv9, 2012 WL 509852 (N.D.W. Va. Feb. 15, 2012) (citing <u>United States v. Poole</u>, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. <u>Darden v. Stephens</u>, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). *See, e.g.*, <u>James v. Stansberry</u>, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases); *See also* <u>Cooper v.Warden FCI Williamsburg</u>, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's

action seeking a determination that he is actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim.").

Relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that the petitioner has failed to state a cognizable § 2241 claim because he merely challenges a sentencing factor and not the crime for which he was convicted. *See also* Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006); Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v, v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

In reaching this conclusion, the undersigned is mindful of the Fourth Circuit opinions in Simmons and Miller. However, they are clearly distinguishable from this matter. In Simmons, the petitioner was claiming that he was actually innocent of his crime of conviction, being a felon in possession of a firearm. After examining a North Carolina statute, the Fourth Circuit held that 18 U.S.C. § 922(g)(1) did not apply to defendants whose prior conviction could not have resulted in a sentence of more than one year in prison. In Miller, the Court held that Simmons is retroactive to cases on collateral review that involve claims of actual innocence of

any underlying felon in possession of firearm conviction in violation of Title 18 U.S.C. § 922(g). However. both decisions involved defendants who alleged that they were factually innocent of their predicate offense, and they do not apply to cases, such as the petitioner, where the claim is actual innocence of a sentencing enhancement. [1]

## V. Recommendation

Based on the foregoing reasoning, the undersigned recommends that this matter be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to District Court Judge Frederick P. Stamp, Jr.. Failure to file timely objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Ci. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[1] In a very recent decision, the Fourth Circuit has indicated that equitable tolling applied to a defendant who sought § 2255 relief under Simmons. See Whiteside v. United States of America, 2014 WL 1364019 (4th Cir. Apr. 8, 2014) (presenting the question whether a federal inmate may use a § 2255 motion to challenge a sentence that was based on a career offender enhancement under the United States sentencing Guidelines when subsequent case law reveals the enhancement to be inapplicable to him.) The undersigned takes no position as to whether the petitioner might now be granted leave by the Fourth Circuit to file a second or successive § 2255 with the sentencing court. Nor, does the undersigned take any position as to merits of the petitioner's claim that he does not have the requisite predicate offenses to qualify him as a career offender. Moreover, in Whiteside, the Court noted that they "**expressly do not decide whether the savings clause in § 2255(e) might justify relief from a Simmons sentencing error through the filing of a § 2241 petition.**" Whiteside at footnote 4 (emphasis added).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means,

DATED: 6/16/14

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE