IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARLON BRAMWELL,

    Petitioner,

v.                                     Civil Action No. 5:14CV7
                                                 (STAMP)
R. A. PERDUE,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I. Procedural History

On January 21, 2014, the pro se[1] petitioner, Marlon Bramwell, filed a petition pursuant to 28 U.S.C. § 2241 ("§ 2241") arguing that he is innocent of being a career offender under the sentencing guidelines. ECF No. 1. The petitioner argues that the probation officer assigned to his case inappropriately separated two counts in a single robbery conviction to make it appear that he had two previous violent crime convictions. The petitioner asserts that this was a violation of his due process rights and, as such, he requests to be resentenced without the career criminal enhancement. The respondent filed a motion to dismiss, which the petitioner responded to in opposition. ECF Nos. 12 and 19, respectively. Thereafter, United States Magistrate Judge Robert W. Trumble issued

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

a report and recommendation,[2] recommending that this Court dismiss the petition with prejudice because petitioner's claim of innocence is not cognizable under § 2241. Particularly, petitioner claims innocence of a sentencing enhancement rather than his underlying offense. ECF No. 24. The petitioner then filed timely objections. ECF No. 26. In the objections, the petitioner asserts that he is actually innocent of his predicate offense and thus, he should not have received the career criminal sentence enhancement. Further, the petitioner relies on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and Miller v. United States, 735 F.3d 141 (4th Cir. 2013), arguing that those cases provide a new standard for sentence enhancement that applies to his claim. For the reasons stated below, the magistrate judge's report and recommendation is AFFIRMED AND ADOPTED. Accordingly the respondent's motion to dismiss is GRANTED and the petitioner's objections are OVERRULED.

## II. Facts

Because the petitioner has an extensive criminal history, this Court will provide the most relevant factual information.[3] The petitioner's criminal history began when he pleaded guilty to charges of conspiracy to distribute cocaine and possession of

---

[2]This case was originally assigned to Magistrate Judge James E. Seibert, but was later transferred to Magistrate Judge Robert W. Trumble. ECF No. 21.

[3]For a more thorough description of the petitioner's criminal history, see the magistrate judge's report and recommendation. ECF No. 24.

cocaine on December 6, 1989, in Louisiana.  Later, the petitioner was found guilty by bench trial of a conspiracy to distribute crack in the United States District Court for the Eastern District of Virginia.  Because of the Louisiana conviction and an unrelated armed robbery conviction,[4] the court sentenced him to life imprisonment pursuant to the sentence enhancement.[5]  Following his conviction and sentence, the petitioner filed several motions to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 in the district courts of Virginia over approximately a decade.  Those motions were denied for various reasons that are irrelevant to this current matter.

More relevant to this case, however, the petitioner filed a motion under § 2241 with this Court, seeking an order remanding his case back to the district court for resentencing without the career criminal enhancement derived from his Louisiana drug conviction and Florida robbery conviction.  Specifically, the petitioner asserts that his probation officer incorrectly separated two counts in a single robbery conviction to make it seem that he had two previous

---

[4]Because the petitioner's criminal history spans a significant amount of time, the exact number of convictions is slightly unclear.  Apparently, the petitioner was also convicted in Florida for two counts of robbery.

[5]The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence.  <u>United States v. McKenzie</u>, 983 F.2d 1058 (4th Cir. 1993).

3

violent criminal convictions. Thus, according to the petitioner, this action violated his due process rights.

The petitioner's motion was referred to the magistrate judge for review. During that time, the respondent filed a motion to dismiss. ECF No. 12. In the motion to dismiss, the respondent argues that the petitioner filed the wrong motion for the relief he seeks. Specifically, the respondent first claims that the petitioner incorrectly filed a petition for a writ of habeas corpus under § 2241, when he really should have filed a motion under 28 U.S.C. § 2255 ("§ 2255") because the petitioner seeks to challenge the imposition of his federal sentence. Additionally, the respondent argues that the "savings clause" under § 2255 fails to apply because the petitioner cannot satisfy the requirements under In re Jones, 226 F.3d 328 (4th Cir. 2000). The respondent also asserts that case law essentially prohibits the petitioner from making an argument of innocence as to the sentencing factors rather than his conviction.

The magistrate judge entered a report and recommendation, finding that the petitioner's motion should be dismissed with prejudice. In particular, the magistrate judge concluded that the petitioner failed to state a cognizable § 2241 claim because he challenged the sentencing factors rather than the underlying crime for which he was convicted. The magistrate judge based his decision on relevant case law within and outside of the Fourth

Circuit, including <u>Petty v. O'Brien</u>, No. 1:11CV09, 2012 WL 509852 (N.D. W. Va. Feb. 15, 2012), <u>Darden v. Stephens</u>, 426 F. App'x 173, 174 (4th Cir. 2011), <u>Little v. Hamidullah</u>, 177 F. App'x 375, 375-76 (4th Cir. 2006), and <u>Green v. Hemingway</u>, 67 F. App'x 255, 257 (6th Cir. 2003). Further, the magistrate judge also rejected the petitioner's claims that relied on <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), and <u>Miller v. United States</u>, 735 F.3d 141 (4th Cir. 2013), finding them distinguishable and inapplicable to petitioner's claim. Therefore, the magistrate judge recommended the dismissal with prejudice of the petitioner's claim, with fourteen days allocated for the petitioner to object if he so wished.

Following the report and recommendation, the petitioner timely filed objections. ECF No. 24. In his objections, the petitioner first claims that he is arguing that he is actually innocent of his predicate offense. Second, he again asserts that <u>United States v. Simmons</u> is applicable to his case, because it allegedly sets forth a new standard for enhancements.

### III. <u>Standard of Review</u>

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

## IV. Discussion

A federal prisoner may seek relief under § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, under the savings clause, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333–34.

This Court finds that the petitioner fails to establish the elements required by Jones. Specifically, 18 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(b), the substantive laws under which the petitioner was convicted, have not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. The crimes petitioner was

convicted of still remain criminal. Therefore, the petitioner cannot satisfy the second prong of the Jones test and his § 2241 petition must be denied insomuch as it challenges his conviction. More importantly, the petitioner does not challenge his underlying conviction. Rather, as the magistrate judge correctly pointed out, the petitioner actually alleges that he is innocent of being a career offender under the sentencing guidelines. Further, the Fourth Circuit has confined the use of the savings clause to "instances of actual innocence of the underlying offense of conviction, not just innocence of a sentencing factor." Petty v. O'Brien, No. 1:11CV9, 2012 WL 509852 at *2 (N.D. W. Va. Feb. 15, 2012) (quoting Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender)). Accordingly, the petitioner's § 2241 petition must be denied because it challenges only his sentence because such a challenge is not cognizable under § 2241 through the use of the savings clause.

In his objections, rather than earlier in his § 2241 petition, the petitioner claims he is innocent of the predicate offense and thus, no predicate offense exists to enhance his underlying sentence. However, the sentence enhancement applies to the underlying offense, not to the predicate offense. Therefore, the petitioner must argue that he is innocent of the underlying offense

in order to have a cognizable claim under § 2241. It should also be noted that this is the first time the petitioner is asserting his innocence regarding his predicate conviction. A defendant may challenge the validity of his prior conviction during his federal sentencing proceedings. Daniels v. United States, 532 U.S. 374, 382 (2001). However, as in this case, where the argument is no longer able to be made through a direct or collateral attack on its own, the petitioner is barred from raising such an argument. Id. Thus, as the magistrate judge determined, the petitioner does not present a cognizable claim under § 2241.

The petitioner's second objection is based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and Miller v. United States, 735 F.3d 141 (4th Cir. 2013), where he argues that these cases should be applied to resentence him. However, both of these cases are distinguishable from petitioner's case. First, the petitioner in Simmons claimed his innocence regarding his underlying crime of conviction. Here, the petitioner instead claims he is innocent of either his predicate offense or his sentencing enhancement. Second, Miller provides that Simmons is retroactive to cases on collateral review that involve claims of innocence regarding the underlying felony. Accordingly, Miller and Simmons are distinguishable from petitioner's claim because the petitioners in those cases alleged that they were innocent of their underlying offense. In contrast, the petitioner here alleges innocence

8

regarding his sentencing enhancement or at best his predicate offense.  Because of this, <u>Simmons</u> and <u>Miller</u> fail to support petitioner's objection.

## V. <u>Conclusion</u>

For the reasons stated, the magistrate judge's report and recommendation is AFFIRMED AND ADOPTED.  Accordingly the respondent's motion to dismiss is GRANTED and the petitioner's objections are OVERRULED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   October 23, 2014

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE