IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARLON BRAMWELL,

    Petitioner,

v.                                 Civil Action No. 5:14CV7
                                                              (STAMP)

R. A. PERDUE,

    Respondent.

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

I. Procedural History[1]

The pro se[2] petitioner originally filed a petition pursuant to 28 U.S.C. § 2241 ("§ 2241") arguing that he is innocent of being a career offender under the sentencing guidelines. ECF No. 1. The petitioner argued that the probation officer assigned to his case inappropriately separated two counts in a single robbery conviction to make it appear that he had two previous violent crime convictions. The petitioner asserted that this was a violation of his due process rights and, as such, he requested to be resentenced without the career criminal enhancement.

---

[1]For purposes of this memorandum opinion and order, the procedural history and facts sections have been shortened to what only is most relevant. For a more thorough overview, see this Court's prior memorandum opinion and order. See ECF No. 28.

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

United States Magistrate Judge Robert W. Trumble issued a report and recommendation,[3] recommending that this Court dismiss the petition with prejudice because the petitioner's claim of innocence is not cognizable under § 2241.  Particularly, the petitioner claimed innocence of a sentencing enhancement rather than his underlying offense.  ECF No. 24.  The petitioner then filed timely objections.  ECF No. 26.  In its memorandum opinion and order, this Court affirmed and adopted the magistrate judge's report and recommendation and overruled the petitioner's objections.  ECF No. 28.  Since that memorandum opinion and order, the petitioner filed a motion to reconsider, pursuant to Federal Rule of Civil Procedure 59(e).  The respondent did not file a response.  For the reasons discussed below, the petitioner's motion is denied.

## II. Facts

Because the petitioner has an extensive criminal history, this Court will provide only the most relevant factual information.[4] The petitioner's criminal history began when he pleaded guilty to charges of conspiracy to distribute cocaine and possession of cocaine on December 6, 1989, in Louisiana.  Later, the petitioner

---

[3]This case was originally assigned to Magistrate Judge James E. Seibert, but was later transferred to Magistrate Judge Robert W. Trumble.  ECF No. 21.

[4]For a more thorough description of the petitioner's criminal history, see the magistrate judge's report and recommendation.  ECF No. 24.

was found guilty by bench trial of a conspiracy to distribute crack in the United States District Court for the Eastern District of Virginia. Because of the Louisiana conviction and two unrelated robbery convictions,[5] the court sentenced him to life imprisonment pursuant to the sentence enhancement.[6] Following his conviction and sentence, the petitioner filed several motions to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 ("§ 2255") in the district courts of Virginia over approximately a decade. Those motions were denied for various reasons that are irrelevant to this current matter.

More relevant to this case, however, the petitioner filed a motion under § 2241 with this Court, seeking an order remanding his case to the district court for resentencing without the career criminal enhancement derived from his Louisiana drug conviction and Florida robbery convictions. Specifically, the petitioner asserts that his probation officer incorrectly separated two counts in a single robbery conviction to make it seem that he had two previous violent criminal convictions. Thus, according to the petitioner,

---

[5]Because the petitioner's criminal history spans a significant amount of time, the exact number of convictions is slightly unclear. Apparently, the petitioner was also convicted in Florida for two counts of robbery. ECF No. 1 Ex. 1.

[6]The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. United States v. McKenzie, 983 F.2d 1058 (4th Cir. 1993).

3

that action violated his due process rights.  The petitioner's motion was referred to the magistrate judge for review.

The magistrate judge entered a report and recommendation, finding that the petitioner's motion should be dismissed with prejudice.  ECF No. 24.  In particular, the magistrate judge concluded that the petitioner failed to state a cognizable § 2241 claim because he challenged the sentencing factors rather than the underlying crime for which he was convicted.  Following the report and recommendation, the petitioner timely filed objections.  ECF No. 24.  In its memorandum opinion and order, this Court affirmed and adopted the report and recommendation of the magistrate judge and overruled the petitioner's objections.  ECF No. 28.  Since then, the petitioner filed a motion for reconsideration, wherein he argues the following: (1) that this Court failed to recognize the holding in <u>Persaud v. United States</u>, 134 S.Ct. 1023 (2014); (2) that this Court failed to properly consider the United States Sentencing Guidelines ("U.S.S.G."); and (3) that this Court erred in finding that he had both a state and a federal drug conviction. ECF No. 32.

### III.  <u>Applicable Law</u>

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct

4

a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through--rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

## IV. Discussion

Before discussing the petitioner's arguments, it should be noted that the petitioner is misguided in his purpose and use of the motion to reconsider at issue here. As stated above, motions to reconsider should not be used to raise new arguments or present new theories. Pacific Ins. Co., 148 F.3d at 403. More relevant here, such a motion may not be used to relitigate old matters. Id. The petitioner in this motion is essentially presenting the same arguments found in his prior filings. Essentially, he is seeking to have his status as a career offender be altered so that he can be resentenced without the enhancement. As he argued in his initial petition, the petitioner claims that his probation officer

5

incorrectly separated two counts regarding his Florida robbery convictions. Further, he now presents a new argument, which again is inappropriate for motions to reconsider. He now claims that his federal and state drug convictions were part of the same conspiracy. Therefore, he claims that under the U.S.S.G., he actually had one drug conviction. Thus, he alleges that a lifetime sentence was incorrect under 21 U.S.C. § 841(b)(1)(A)(iii). Despite the petitioner's inappropriate use of this motion to reconsider, this Court acknowledges that "a document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97 (1995)). Accordingly, this Court will overlook the petitioner's inappropriate use of Federal Rule of Civil Procedure 59(e) and address his arguments in turn.

As mentioned earlier, the petitioner first argues that this Court failed to consider the holding in Persaud v. United States, 134 S.Ct. 1023 (2014). In Persaud, the petitioner received a mandatory sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii) because he had two prior offenses that were considered "felony drug offenses." Under 21 U.S.C. § 802(44), a "felony drug offense" is an offense that is punishable by imprisonment for more than one year. At the time of his third conviction, then-governing Fourth Circuit precedent stated that to determine whether a conviction "is for a crime punishable by a

prison term exceeding one year" under 21 U.S.C. § 802(44), the court would "consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Therefore, the inquiry at that time focused on a hypothetical defendant's sentence rather than the actual defendant receiving the sentence. In Persaud, one of the two drug convictions of the petitioner resulted in a sentence of eight months. Although only one of his sentences resulted in a term of imprisonment lasting more than one year, the law at that time justified his lifetime sentence.

Later, in 2011, the United States Court of Appeals for the Fourth Circuit overturned Harp, holding that a court cannot consider hypothetical aggravating factors when calculating a defendant's maximum punishment. United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Therefore, a defendant is not convicted of a "felony drug offense" when, based on his criminal history and other mitigating or aggravating factors, the maximum sentence faced is less than one year of imprisonment. Simmons, 649 F.3d at 241-45. Based on the holding in Simmons, the petitioner in Persaud challenged his sentence via a motion under § 2255, a petition under § 2241, and a writ of coram nobis. The United States District Court for the Western District of North Carolina then (1) denied the petitioner's writ of coram nobis, (2) dismissed the

petitioner's § 2241 petition for failure to show that § 2255 relief was inadequate, and (3) denied the § 2255 motion as successive. No. 3:12CV509, 2012 WL 5902557 (W.D.N.C. Nov. 26, 2012). The United States Court of Appeals for the Fourth Circuit dismissed in part the petitioner's request for a certificate of appealability under § 2255 and affirmed in part the rest of the district court's judgment. 517 F. App'x 137 (4th Cir. 2013). The Supreme Court of the United States, however, vacated the prior judgment and remanded the case, citing to the argument proffered in the brief by the Solicitor General for the United States. 134 S.Ct. 1023. In his brief, the Solicitor General argued that a "petitioner is entitled to challenge the sentencing error [referring to the petitioner's situation] by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241." 2013 WL 7088877 (2013). In particular, the Solicitor General provided that "sentences that exceed the statutory maximum, or that impose a statutory mandatory minimum based on a legal error, are cognizable under the savings clause," found under 28 U.S.C. § 2255(e). Accordingly, the petitioner was entitled to pursue habeas relief under the savings clause, even though he technically challenged his sentence rather than conviction.

With the above information in mind, it appears that the petitioner is arguing that his predicate offenses, like the situation in <u>Persaud</u>, no longer qualify for a "felony drug

8

offense." The petitioner's argument, however, is misguided. It should be noted that the application of the savings clause in Persaud related to a vary narrow scenario: fundamental statutory-interpretation errors. The situation that arose in Persaud is dissimilar to the petitioner's situation in this civil action. In Persaud, the petitioner suffered an erroneous imposition of a mandatory life-long sentence. Specifically, the applicable law for determining a "felony drug offense" changed, such that a lifetime sentence was improper. As the brief of the Solicitor General stated, the petitioner in Persaud faced a sentencing error so "fundamental as to warrant resort to the savings clause." In this civil action, however, no such circumstances exist. This Court finds no fundamental error in the petitioner's sentence that rises to the level of the error in Persaud. As the record shows, the petitioner pleaded guilty to two counts of robbery in Florida. Further, the petitioner then received a felony conviction for a violent crime and later a conviction for a controlled substance offense in Louisiana. Following those convictions, the petitioner was found guilty, under federal law, of conspiracy to possess with intent to distribute cocaine base. Regarding the above convictions, the petitioner proffers no proof that fundamental errors exist that warrant the application of the savings clause. Furthermore, the petitioner's conviction and sentence have both been upheld on numerous occasions. See, e.g., United States v.

9

Bramwell, No. CR 91-429 (E.D. Va. May 23, 2000), aff'd, 238 F.3d 415 (4th Cir. 2000); United States v. Bramwell, No. CR 91-429 (E.D. Va. Apr. 2, 1996), aff'd, 165 F.3d 20 (4th Cir. 1998); United States v. McKenzie, 983 F.2d 1058 (4th Cir. 1993). Therefore, this Court finds that Persaud is inapplicable to the petitioner's claim.

Next, the petitioner argues that this Court improperly considered the U.S.S.G. Here, the petitioner quarrels with the "career offender" sentencing enhancement he received, noting in particular the inclusion of his Louisiana drug conviction. It appears that the petitioner argues that his Louisiana conviction for conspiracy to distribute crack and his later federal conviction for conspiracy to distribute crack count as one offense. Therefore, because he has one, rather than two, such offenses, the petitioner alleges that the such an enhancement was erroneous. In order to be a "career offender," the defendant (1) must be at least "eighteen years old at the time the defendant committed the instant offense," (2) that the instant offense is a "felony that is either a crime of violence or a controlled substance offense," and (3) has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a); see generally United States v. Peterson, 629 F.3d 432, 434-35 (4th Cir. 2011). The U.S.S.G. defines the term "crime of violence" as:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The phrase "crime of violence" includes robbery. Id. at n.1 ("'Crime of violence' includes . . . robbery."). Further, the U.S.S.G. defines "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). Both "crime of violence" and "controlled substance offense" includes the offenses of "aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 n.1. Under the prior sentencing documents found attached with the petition, the petitioner is a career offender. He satisfies the terms as they are defined above, pursuant to U.S.S.G. § 4B1.2. Each of his convictions are separate, and the petitioner fails to demonstrate how any of them can be combined. Therefore, the petitioner's argument again is without merit. For the reasons provided above, the motion must be denied.

## V. Conclusion

For the reasons stated above, the petitioner's motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:     January 20, 2015

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE